UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAKEBREAD CELLARS, INC. 401(K) PLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA GONZALEZ, et al.,<br><br>    Defendants. | Case No. 15-cv-04522-JD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 23 |

Plaintiff Cakebread Cellars, Inc. 401(K) Plan filed this interpleader action "to determine entitlement to the proceeds of a 401(K) Plan" as between a husband and wife who have since divorced. Dkt. No. 1. As of November 2008, Martin Martinez's interest in the 401(K) Plan was valued at $9,382.19. *Id*. ¶ 10. Before the Court is plaintiff's motion for attorneys' fees and expenses. Dkt. No. 23. The motion is premature, and the Court denies it on that basis.

The Court previously expressly directed plaintiff Cakebread Cellars Inc. 401(K) Plan "to pursue whatever relief it wishes to have in this interpleader action by making a proper request to the Court by way of a motion." Dkt. No. 20. The Court advised counsel that "[m]erely including requests in a complaint or a case management conference statement does not suffice." *Id*.

Yet, somewhat incredibly, plaintiff has not filed a motion to deposit the funds at issue into the Court's registry, nor has it filed a proper motion for discharge in this interpleader action. Instead, the *only* substantive motion plaintiff has filed to date is the present one for attorneys' fees and expenses. Dkt. No. 23. Plaintiff's own motion shows that an award of fees and costs would be premature and improper in this circumstance. *See id*. at 3 ("To recoup attorneys' fees and costs, a court must find (1) a disinterested stakeholder, (2) who has conceded liability, *(3) has deposited the funds into court, and (4) has sought discharge from liability*.") (citing cases;

emphases added). Although plaintiff states that it "has requested that the funds be deposited with the Court and that it be discharged from liability," *id*. at 3, the Court's docket for this case shows no indication of either request.

The Court further notes for the benefit of guidance to plaintiff that any renewed motion for fees should be significantly revised. The current motion seeks a fee award of $8,740.00, which would all but swallow up the $9,382.19 at issue.[1] That kind of request is plainly inconsistent with the Court's previous instruction that any motion for fees in this case should be efficiently prepared and succinctly made, because in cases like these, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." Dkt. No. 20 (quoting *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir.), opinion amended on denial of reh'g, 255 F.3d 661 (9th Cir. 2000)).

Plaintiff's motion is consequently denied without prejudice to renewal consistent with this order.

**IT IS SO ORDERED.**

Dated: September 20, 2016

_____
JAMES DONATO
United States District Judge

---

[1] Another issue is that this $9,382.19 amount that plaintiff uses is based on a valuation done in November 2008. Dkt. No. 1 ¶ 10. That is close to 8 years ago.